IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br><br>v.<br><br>ANTHONY TONY GAY,<br>　　　Defendants. | Case No. 4:20-cr-40026-JES-JEH |

### Order and Opinion

Before the Court is a Motion for Modification of Conditions of Release (D. 33)[1] filed by the Defendant, Anthony Gay and the Government's response thereto (D. 6). For the reasons stated, *infra*, the motion is denied.

### I

A grand jury sitting in this district returned a 2-Count indictment against the Defendant, charging him with being a felon in possession of a firearm (Count 1) and being a felon in possession of ammunition (Count 2), both alleged in violation of 18 U.S.C. §§ 922(g), 924(a)(2), and 924(e). (D. 1). After the arrest of the Defendant, this Court held a contested detention hearing on July 17, 2020. After that hearing, the Court ordered the Defendant released on conditions, one of which was a condition of house arrest. (D. 18). Then, on August 7, 2020, the Defendant filed an Emergency Motion to Modify Conditions of Release (D. 20), seeking a modification to allow him to travel on August 11, 2020 in the custody of a third-party to the Rockford, Illinois federal courthouse to attend to *pro se* civil litigation pending in that district. The Defendant also generally sought a modification of his house arrest to allow him "to visit with his one year old son and his loved ones and to attend to personal matters

---

[1] Citations to the docket in this case are abbreviated as "(D. __ at ECF p. __).

1

such as getting a haircut, attending his neighborhood church, and counseling sessions, and assisting his elderly parents with grocery shopping and other errands." (D. 20 at ECF p. 3). The Court granted the motion as related to the one-day travel to the Rockford Courthouse, but denied the request in all other respects. (Minute Entry, August 7, 2020).

Then, on August 18, 2020, the Defendant filed another Emergency Motion to Modify Conditions of Release (D. 22), this time asking the Court to modify the condition of house arrest to a curfew between the hours of 8:00 p.m. and 9:00 a.m. daily to allow him to "attend to his daily obligations, to attend church, to meet with his undersigned counsel at counsel's office to review the voluminous discovery in this case, to meet with his private counsel on his pending civil rights actions, to spend time with his son and his love[d] ones, and to spend time in a law library researching and preparing his cases where he is proceeding *pro se*." (D. 22 at ECF p. 3). At a hearing held on August 20, 2020, this Court granted the motion to the extent that the Defendant's condition of house arrest was changed to home detention. In making this modification, the Court noted the restrictiveness of the house arrest condition and the Defendant's compliance with that condition since being released.  However, the Court also noted that a curfew was insufficient to reasonably assure the safety of the community, in light of the offense charged and the circumstances of the offense.

Now the Defendant seeks the following modifications of his conditions of release:

> a. That he be allowed to visit his son, age 1, currently residing at 727 6th Street, Rock Island, Illinois with the natural mother, Kaliyah, which is approximately a couple miles from his current residence, on Tuesdays and Thursdays from 3:30 p.m. until 6:30 p.m.
> b. That he be allowed to meet with Amy Bloomer, professor at Augustana College on Fridays from 9:30 a.m. until 1:30 p.m. to work on his documentary.
>
> c. That he be allowed to see his son and take care of any shopping on Saturdays between 1:00 p.m. and 6:00 p.m.

      d. That he be allowed to go to Davenport and/or Rock Island library on Mondays from 1:00 p.m. until 4:00 p.m. to conduct legal research.

(D. 33). As a basis for these modification requests, the Defendant asserts he has been "cooperative and has fully complied with all the conditions" previously set by this Court and that his limited movement on home detention is "impacting his ability to be included in productive activities." *Id.* The Government opposes these modifications. (D. 34).

## II

Neither the Federal Rules of Criminal Procedure nor the Bail Reform Act, 18 U.S.C. § 3142, *et seq.*, specifically address the procedures or substantive law which govern a request to modify conditions of pretrial release. The Federal Rules of Criminal Procedure only address the procedural requirements related to motions to modify conditions of probation or supervised release, but they are completely silent regarding modification of conditions of pre-trial release. See Fed. R. Cr. P 32.1. Title 18, Section 3142(c)(3) of the Bail Reform Act states that a "judicial officer may at any time may amend the [release] order to impose additional or different conditions of release," but provides no guidance for how a court should go about doing so, either procedurally or substantively. Section 3145(a)(2), when addressing review or appeal of a magistrate judge's order of release, allows the defendant to "file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release" but again is silent regarding any procedural or substantive standards for considering such a motion, other than stating that such a motion "shall be determined promptly." Regardless, given that the Defendant does not cite this section, the Court presumes the Defendant is seeking amendment of his conditions by the undersigned magistrate judge pursuant to Section 3142(c)(3), rather than a review of those conditions by the presiding district judge pursuant to 3145(a)(2)[2].

---

[2] Neither the Defendant nor the Government cite *any* statute, Rules, or cases in their filings before the Court.

> The Bail Reform Act, however, does allow a detention hearing to be
>
> reopened before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f). Other courts have held this provision applicable to motions to modify conditions of pretrial release, essentially construing them as motions to reopen the detention hearing. *See United States v. Kube*, 2020 WL 1984178 (E.D. Cal. Apr. 27, 2020), *citing United States v. Wei Seng Phua*, 2015 WL 127715, at *2 (D. Nev. Jan. 8, 2015); *United States v. Smith*, 2012 WL 3776868, at *3 (D. Ariz. Aug. 31, 2012); *United States v. Lopez*, 2019 WL 2393609, at *1 (D. Nev. June 5, 2019); *United States v. Barksdale*, 2008 WL 2620380, * 2 n. 3 (E.D. Cal. July 1, 2008).

In *Kube*, the court considered a motion to modify conditions of pretrial release and required, pursuant to Section 3142(f), that the defendant first demonstrate new information exists before the court would consider the merits of the motion for modification of the conditions of pretrial release. 2020 WL 1984178, at *5. There, the Defendant asserted his successful compliance with conditions while on release as "new information." *Id.* The court rejected that argument, noting that it is presumed that a defendant will abide by conditions of release, and "the fact that Defendant has complied with his conditions of release is what allows him to remain out of custody and is not new information that has a material bearing on his conditions to reopen the detention hearing." *Id*, *citing United States v. Hare*, 873 F.2d 769, 799 (5th Cir. 1989) (district court did not abuse its discretion in finding that defendant's work as an electrician and selection as a trustee while in detention was not sufficiently material to the issue of dangerousness to justify a second hearing).

The Court agrees with the opinions cited, *supra*, which apply the substantive standard set forth in Section 3142(f) to motions to modify conditions of pretrial release

made under Section 3142(c)(3). First, a request to modify conditions of pretrial release essentially asks a court to reconsider and reweigh all the factors a court considered at the original detention hearing, for whenever a court imposes conditions, or modifies them, it must determine "whether any condition or combination of conditions … will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Second, without requiring a Defendant to make the threshold showing of new, material information, a Defendant could file endless petitions to modify his conditions—indeed, we are on round three in this case. Courts do not ordinarily allow parties to file a motion previously denied over and over again, yet without the threshold showing required in Section 3142(f)(2), nothing in the statute precludes a defendant from doing so.

The Court also agrees with those opinions, also cited, *supra*, which hold that a defendant's compliance with conditions of pretrial release is not new, material information sufficient to reopen a detention hearing or allow a court to proceed to the merits of a petition to modify conditions of pretrial release. As the court in *Kube* noted, complying with conditions of release is what keeps a defendant out of custody, not a basis for relaxing those conditions. 2020 WL 1984178, at *5.

Applying these standards in the present case, the Defendant fails to make the threshold showing that new, material information exists such that this Court should consider the merits of his motion under Section 3142(f). The only bases he offers in support of his motion are his compliance with his conditions and "their impacting his ability to be included in productive activities." (D. 33). This Court has already held, *supra*, that compliance with conditions can never be new, material information sufficient to reopen a detention hearing to consider modifying conditions of pretrial release. The same is true for the inconveniences which those conditions present to someone on pretrial release. Of course conditions will impact a defendant's ability to engage in activities, productive or otherwise—that is why the Bail Reform Act requires that any conditions imposed be the "least restrictive" to achieve the purposes

of the conditions. 18 U.S.C. § 3142(c)(B). Accordingly, the impact of the conditions on a defendant's ability to engage in activities is necessarily considered by a court at the original detention hearing, and any such impact caused by the conditions ultimately imposed is neither new nor material sufficient to re-open the detention hearing.

Finally, the undersigned candidly acknowledges that he has not applied the standard articulated herein to the Defendant's previous motions for modification of his pretrial conditions of release, or other such motions in previous cases. However, the Defendant's third motion for a modification of his conditions of release caused the Court to take a closer look at the law governing such motions, what little there is. The Court's laxity in finding and applying the appropriate standards for such motions in the past is not a reason for it to continue on such a course.

### III

For the reasons stated, *infra*, the Defendant's motion (D. 33) is denied.

*It is so ordered.*

Entered: October 7, 2020

s/Jonathan E. Hawley
U.S. Magistrate Judge