**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cr-40026 |
| ) | |
| ANTHONY TONY GAY, ) | HEARING REQUESTED |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S
MOTION FOR IN CAMERA REVIEW OF CLAIMED
ATTORNEY-CLIENT PRIVILEGED MATERIAL,
OR IN THE ALTERNATIVE, ORDER IN LIMINE**

NOW COMES ANTHONY TONY GAY, by and through his attorneys, Charles Schierer and the law firm of Schierer & Ritchie, L.L.C., and in support thereof, states as follows:

**I. BACKGROUND**

Defendant is represented by the undersigned counsel for a criminal matter pending before this Court. In furtherance of the case, counsel was contacted by John D. Hoelzer, Assistant United States Attorney, concerning a call between the Defendant and Nicolette Ward, Defendant's attorney in a civil matter. The government requested that the Defendant concur that the call was not privileged material. The Defendant does not agree. In support of his response, Defendant attached an affidavit from Ms. Ward. See Exhibit A. Defendant requests a hearing on the issue. At issue are the boundaries of the attorney-client privilege, which will have a future impact on any Defendant's rights to counsel and trust in their communications with counsel. A breakdown in trust impacts the entire judicial system. In the alternative, if the Court orders the call to be turned over, Defendant seeks an order in limine to exclude the contents of the call. The government cannot demonstrate how the statements made during the call are relevant.

## II. LAW

In support of its motion, the government cites no Seventh Circuit Court of Appeals decision on the narrow issue.  Rather, the government cites an opinion from the District Court.  *United States v. Thompson*, 2007 WL 2700016 (C.D. Ill. 2007).  The *Thompson* case specifically states, "the Seventh Circuit has not addressed the recorded inmate call issue as it relates to the attorney-client privilege." *Id* at 2.  The *Thompson* decision extended the rationale used in *United States v. Madoch*, 149 F. 3d, 596, 602 (7th Cir. 1998).  Defendant respectfully asks this Court to reject the analysis of the *Thompson* court.  The *Thompson* decision does not explain the origin of the call in that case.  The government in that case argued the call was not made in confidence, as the call was recorded.

## III. ARGUMENT

According to her affidavit, Ms. Ward represents Defendant in a civil matter and had attempted to have a call with him.  See Exhibit A.  Due to what she described as a technical issue, the call couldn't be made.  At some point thereafter, Ms. Ward received a call from the Defendant.  The second call had been placed by the Defendant, despite counsel's prior attempt to set up a purported private call.  Allowing the government's argument creates no flexibility or fluidity of circumstances.  The Defendant has a constitutional right to counsel and to not just have a lawyer, but to consult with that lawyer.  Defendant being incarcerated does not eviscerate that right.  It appears the parties intended to have a private call, but that technology simply got in the way.  The fact that the technology in place records all outgoing inmate calls does not change the original intent of the parties.

In the alternative, if the Court rules the call to be turned over to the prosecutor, the Defendant seeks an order in limine.  The contents of the call are irrelevant to any issue in the case.  Absent relevance, the call is not admissible.  The government cannot demonstrate how the contents of the call would be relevant to any issues in the case.

WHEREFORE, Defendant ANTHONY TONY GAY respectfully requests this Honorable Court enter an Order consistent with this motion and for all other relief that is just and proper.

Respectfully submitted,

/s/ Charles Schierer
Charles G. Schierer
Schierer & Ritchie, LLC.
1009 Illini Drive
East Peoria, Illinois
(T) 309-839-2024
(F) 309-517-5856
(E) chuck@srtriallawyers.com

**CERTIFICATE OF SERVICE**

I, Charles G. Schierer, attorney, hereby certify that on March 2, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the United States Attorney's Office and all other CM/ECF participants.

/s/ Charles Schierer
Charles G. Schierer
Schierer & Ritchie, LLC.
1009 Illini Drive
East Peoria, Illinois
(T) 309-839-2024
(F) 309-517-5856
(E) chuck@srtriallawyers.com