4:20-cr-40026-JES-JEH   # 66   Page 1 of 3

FILED
Tuesday, 01 June, 2021 04:50:55 PM
Clerk, U.S. District Court, ILCD

JUN -1 2021
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**             20 - CR - 40026

**VS**

**ANTHONY TONY GAY**

### (SECOND ATTEMPT) MOTION FOR DISCOVERY

Now comes Defendant, Anthony Tony Gay, pro-se, and respectfully requests that the Honorable Court enter an order recognizing his request that the government furnish the below listed discovery pursuant to Fed R. Civ. P. 16 (a) (1) (a) 16 (a) (1) (b) 16 (a) (1) ©, 16 (a) (1) (d), and 16 (c).

(1) A copy of any and all emails and/or correspondence between Chantelle Leachman (mental health) and state's attorney (Dora Villarreal) in relation to defendant between June 10, 2020 till July 31, 2020.

(2) A copy of any and all emails and/or correspondence between Rock Island State's Attorney and Rock Island Police in relation to plaintiff between May 23, 2020 till October 1, 2020.

(3) A copy of Rock Island Police Standing Operating procedures.

(4) A copy of the affidavit that was submitted to the court to establish probable cause to get a control sample of defendant's saliva by way of a buccal swab inserted inside defendant's mouth and cheek area.

(5) A copy of the results of the DNA testing in relation to the control sample of defendant's saliva by way of buccal swab.

(6) A copy of the witness testimony before the Grand Jury that resulted in the defendant's indictment.

(7) It is defendant's belief that some evidence has been fabricated to secure an indictment against defendant, thus defendant has a "particularized need" to have the Grand Jury testimony to impeach, test the credibility, or refresh the memory of this witness at trial. See Dennis v United States ,338 U.S. 855 (1960) (Utilizing the standard of "particularized need," disclosure has been considered necessary where the testimony is sought to impeach, test the credibility or refresh the memory of a witness at trial).

(8) Court's possess "broad discretion with regard to discovery motions in criminal cases." United States v. Delatorre, 438 F.Supp.2d *92, 900 (N.D. Ill 2006), aff'd sub nom. United States v. Benabe, 436 F. App'x 639 (7th Cir.2011). Federal Rules of Criminal Procedure !6 outlines "the minimum amount of discovery to which the parties are entitled," although the rule does not limit the "judge's discretion to order broader discovery in appropriate cases." Fed. R. Crim. 16, Advisory Committee Note. Additionally, pursuant to the Supreme Court's ruling in Brady v. Maryland, 373 U.S. 83 (1963), the Government "has a duty to disclose evidence favorable to the defense (either exculpatory or that which could be used for impeachment) where such evidence is material either guilt or punishment." Delatorre, 438 F. Supp.2d at 901.

**RESPECTFULLY SUBMITTED**
Anthony Gay
1228-14thstreet
Rock Island, il 61201

**CERTIFICATE OF SERVICE**
This certifies that I sent the above instrument to the Clerk of Court via mail on 5-27-2021

Anthony Gay
1228-14thstreet
Rock Island, Il 61201

