## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cr-40026 |
| | ) | |
| ANTHONY TONY GAY, | ) | |
| | ) | |
| Defendant. | ) | |

### MOTION TO SUPPRESS

NOW COMES ANTHONY TONY GAY, by and through his attorneys, Charles Schierer and the law firm of Schierer & Ritchie, L.L.C., and in support of this motion states as follows:

### INTRODUCTION

1. Defendant seeks an Order to suppress evidence illegally obtained by law enforcement through the search and seizure of multiple cellphones, and a warrantless search of Defendant's motel room. Defendant is charged with being a felon in possession of a firearm and ammunition, all of which stem from his seizure and arrest on May 31, 2020. A warrant was granted for the search of Defendant's cellphones, but lacked probable cause. A warrantless search of his motel room on June 14, 2020, serves as the basis for the possession of ammunition charge.

### DEFENDANT'S RESIDENCE

2. On or about May 10, 2020, Defendant rented a motel room at American Motor Inn, located at 4300 11th Street in Rock Island, Illinois. See Exhibit A. This motel room was Defendant's residence at the time of his arrest and he had an expectation of privacy at that location. Defendant stayed at this location in the past and had created a pattern and practice known to management to stay for extended periods of time. Defendant was incarcerated at the Rock Island County Jail on or about May 31, 2020. Defendant spoke to management at the Rock Island County Jail and advised he intended to return to the room. On June 14, 2020, law enforcement conducted a warrantless search of Defendant's belongings.

**DEFENDANT'S CELLPHONES**

3.        On or about May 23, 2020, Defendant was the driver of a gold Toyota minivan, which was fired upon by unknown assailants at 26th street in Rock Island, Illinois.  See Exhibit B.  Law enforcement responded to the scene of the shooting, made contact with Defendant and seized Defendant by putting him in handcuffs and confining him in a police squad car.  *Id.*  Although Defendant was not a suspect in the shooting, members of law enforcement demanded Defendant answer their questions regarding his observations of the shooting.  *Id.*  Defendant refused to speak with law enforcement.  *Id.*  At the time he was seized, Defendant was in possession of an Apple iPhone and two LG cellphones.  *Id.*  Law enforcement seized these cellphones.  *Id.*  At no time was Defendant a suspect in the shooting on May 23, 2020, rather he was merely a victim who had just suffered trauma and refused to speak with law enforcement at the scene.  Defendant was later released, but law enforcement kept his cellphones.  Defendant was not charged with any criminal offenses related to the May 23, 2020 shooting.

4.        On May 28, 2020, law enforcement sought a search warrant for an Apple iPhone and two LG cellphones.  The complaint for search warrant filed by Sean Roman of Rock Island Police Department was granted on said date, despite the lack of probable cause to do so.  See Exhibit C.

5.        Defendant was unaware a warrant had been granted to search his cellphone and believed law enforcement began to follow him due to his refusal to cooperate with them.

**MAY 30TH SEIZURES**

6.        Defendant had two interactions with law enforcement within nine hours of each other.  First, on May 30, 2020 at around 3:30 p.m., law enforcement saw Defendant operating a black GMC Envoy and activated lights for an alleged moving violation.  Fearful for his life, Defendant fled.  Defendant was arrested and released.  Second, nine hours later, Defendant was the passenger in a black Dodge Caliber, which was pulled over for failing to have a license plate light.  See Exhibit D.  Defendant fled from the vehicle and was apprehended by police after a short chase.  *Id.*  Law enforcement claimed they recovered a firearm along the path in which Defendant fled.  *Id.*  Defendant believes the black Dodge Caliber had an operating license plate light at the time the vehicle was stopped.  Defendant, as a

passenger, has standing to challenge the *Terry* stop. Defendant was charged with being a felon in possession of a firearm. Defendant was held at Rock Island County Jail, during the days after his arrest.

## JUNE 14TH WARRANTLESS SEARCH

7. Defendant intended to return to his residence at the American Motor Inn and made management aware of this.

8. On June 14, 2020, law enforcement conducted a warrantless search of Defendant's hotel room. See Exhibit E. The search yielded Winchester .45 Auto and Sig .45 Auto ammunition, which was purported to have been located by Pritesh Patel, the owner of the hotel. *Id.* Law enforcement seized the ammunition. *Id.* This ammunition forms the basis for Count II.

## LEGAL STANDARD

9. Rule 41(d) of the Federal Rules of Criminal Procedure states that a warrant may issue upon an affidavit sworn to before a federal magistrate judge or state judge if the magistrate judge or judge is satisfied that the affidavit reflects probable cause. A written affidavit may be dispensed with and a warrant may be based on sworn testimony if doing so is reasonable under the circumstances. Rule 4(d)(2)(B), Fed. R. Crim. P.; *United States v. Seidel*, 677 F.3d 334 (8th Cir. 2012). Probable cause may be based upon hearsay evidence in whole or in part. Rule 1101(d)(3), Fed. R. Evid.

10. Probable cause exists where the facts and circumstances within their (the agents') knowledge, and of which they had reasonably trustworthy information . . . (are) sufficient in themselves to warrant a man of reasonable caution in the belief that . . ." a crime has been or is being committed, and that seizable property can be found at the place or on the person to be searched. *Carrol v. United States*, 267 U.S. 132, 162 (1925); *Brinegar v. United States*, 338 U.S. 160 (1949); *United States v. Froman*, 355 F.3d 882 (5th Cir. 2004).

11. A person has an expectation of privacy in his belongings at a motel room. "The Fourth Amendment protection against unreasonable searches and seizures is not limited to one's home, but also extends to such places as hotel or motel rooms." *United States v. Cormier*, 220 F.3d 1103, 1108-09 (9th Cir.2000). In order to benefit from Fourth Amendment protections, an individual must "demonstrate a

subjective expectation that his activities would be private, and he must show that his expectation was 'one that society is prepared to recognize as reasonable.'" *United States v. Nerber*, 222 F.3d 597, 599 (9th Cir.2000) (quoting *Bond v. United States,* 529 U.S. 334, 338, 120 S.Ct. 1462, 146 L.Ed.2d 365 (2000).

12.     Part of what a person purchases when he leases a hotel room is privacy for one's person and one's things. See *United States v. Dorais*, 241 F.3d 1124, 1128 (9th Cir.2001). Like a lessee of an apartment, a hotel guest does not lose his reasonable expectation of privacy in his hotel room just because he is detained or arrested. See *Stoner v. California,* 376 U.S. 483, 486-91 & n. 4, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964). When a landlord calls law enforcement with suspicions or accusations against a tenant, the tenant's right to his tenancy is still intact. *Id.* Being arrested is different from being evicted, and being arrested does not automatically destroy that person's reasonable expectation of privacy in his home. See *id.*; *United States v. Bautista,* 362 F.3d 584, 590 (9th Cir.2004) (holding that "unless [a hotel guest's] occupancy ha[s] been lawfully terminated when the police conduct their search, [the guest] retain[s] a reasonable expectation of privacy in the room"). The Seventh Circuit has held that a tenant maintains a Fourth Amendment claim until the lessor has obtained a lawful order granting exclusive possession. See *United States v. Curlin*, 638 F.3d 562 (7th Cir.2011). On or about March 20, 2020, Governor J.B. Pritzker enacted Executive Order 2020-10, which prohibited law enforcement from enforcing orders of eviction for residences. See Exhibit F. This Executive Order was still in effect on June 14, 2020, when Defendant was constructively evicted and his residence searched by law enforcement.

## ARGUMENT

13.     A warrantless search was conducted of Defendant's residence at American Motor Inn. Defendant had a reasonable expectation of privacy in his property at this location. Defendant was not lawfully evicted from his residence at American Motor Inn. Rather, Defendant was in custody, a fact known to both his landlord and law enforcement. His property was then searched without a lawful warrant. As Defendant had a reasonable expectation of privacy, the search was unreasonable.

**SUMMARY**

14. On May 23, 2020, Defendant's cellphones were seized and searched, via a warrant obtained on May 28, 2020. The cellphones were seized illegally, without probable cause. The warrant lacked probable cause. The good-faith exception does not apply.

15. Defendant now moves to suppress the ammunition seized from his hotel room during a warrantless search, and evidence obtained from his cellphones, which were seized from him without probable cause and searched pursuant to a warrant that lacked probable cause.

WHEREFORE, Defendant ANTHONY TONY GAY respectfully requests this Honorable Court enter an Order consistent with this motion and for all other relief that is just and proper.

Respectfully submitted,

/s/ Charles Schierer
Charles G. Schierer
Schierer & Ritchie, LLC.
1009 Illini Drive
East Peoria, Illinois
(T) 309-839-2024
(F) 309-517-5856
(E) chuck@srtriallawyers.com

**CERTIFICATE OF SERVICE**

I, Charles G. Schierer, attorney, hereby certify that on July 14, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the United States Attorney's Office and all other CM/ECF participants.

/s/ Charles Schierer
Charles G. Schierer
Schierer & Ritchie, LLC.
1009 Illini Drive
East Peoria, Illinois
(T) 309-839-2024
(F) 309-517-5856
(E) chuck@srtriallawyers.com