

AUG 12 2021

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA**

**V**                                                                              20-40026
**ANTHONY TONY GAY**

**MOTION FOR FARETTA HEARING**

Now comes defendant, Anthony Tony Gay, filing this motion for Faretta hearing and state as follows:

(1) The defendant is charged in Federal Court in a two-count indictment with being a felon in possession of a firearm and ammunition.

(2) The Sixth Amendment guarantees criminal defendants the right to representation by counsel. In 1975, the Supreme Court held that the structure of the Sixth Amendment necessarily implies that a defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. See Faretta v. California 422 U.S. 806 1975. Thus an unwilling defendant may not be compelled by the state to accept the assistance of a lawyer. A defendant"s right to self-representation in federal criminal proceedings is codified in 28 U.S.C. 1645. CF. Tuduj v. Newbold, 958 F.3d 576, 578-79

(3) Any waiver of the right to counsel must be knowing, voluntary, and intelligent. The Faretta court stated that "a defendant need not have the skill and experience of a lawyer, but should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and "the choice is made with eyes open." Faretta. In 2004, the court acknowledged that it has not prescribed any formula regarding the information a defendant must possess in order to make an intelligent choice. See Iowa v. Tovar, 541 U.S. 77 (2004). According to the court, determining whether a waiver of counsel is intelligent depends on "a range of case-specific factors, including the defendant';s education or sophistication, the complex or easily grasped nature of the charge, and stage of the proceeding." see Tovar.

(4) Defendant's Counsel refused to seek to find out if there is any National Integrated Ballistics Information (NIBIN) related to the firearm in question. If so, counsel refuses to request the information be turned over.

(5) Defendant's counsel refuse to seek Electronically Stored Information (ESI) between the prosecutor and mental health and the police and prosecutor in relation to defendant (defendant spoke to mental health about the police robbing defendant and mental health

spoke to the prosecutor and the prosecutor spoke to the police about it via Electronically Stored Information).

(6) Defendant's counsel is refusing to request copies of the grand jury transcripts (in order to impeach accusers about fabricated evidence).

(7) Defendant's counsel is filing motions without giving defendant heads up (e.g. Chuck Shierer filed a motion to suppress without allowing the defendant to see the final draft or informing the defendant it was filed).

(8) Defendant informed Chuck Schierer that defendant did not want a continuance and that defendant wanted to proceed to trial on August 31, 2021. Chuck Shierer filed a motion to continue for no reasonable basis and to strategically assist the government in stalling for trial, so the government can have time to do DNA testing.

(9) For the foregoing reasons the defendant requests that this court have a Faretta hearing to allow the defendant to represent himself.

**ANTHONY GAY**
**1228-14TH STREET**
**ROCK ISLAND, IL 61201**

**CERTIFICATE OF SERVICE**

This certifies that I sent the above instrument to the Clerk of Court via mail on 8-9-2021

**ANTHONY GAY**
**1228-14TH STREET**
**ROCK ISLAND, II 61201**

Anthony Gay
1228- 14th street
Rock Island, IL 61201

QUAD CITIES IL 612 2 L
09 AUG 2021 PM

Clerk of Court
US District Court
100 NE Monroe St
Peoria, IL 61602

