

E-FILED
Thursday, 12 August, 2021 02:03:25 PM
Clerk, U.S. District Court, ILCD

AUG 12 2021

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA**
**VS**                                                    20-CR-40026
**ANTHONY GAY**

**MOTION TO SUPPRESS DNA TESTING AND PROCEED TO TRIAL**

Now comes defendant, Anthony Tony Gay, filing this motion to supress DNA testing and proceed to trial and state as follows:

(1) The arraignment signals "the initiation of adversary judicial proceedings" and thus the attachment of the Sixth Amendment. United States v. Gouveia 467 U.S. 180, 187, 188 (1984).

(2) The police may not initiate contact with a suspect who has Sixth Amendment rights attached. See Michigan v. Jackson 475 U.S. 625 (1986).

(3) On September 2, 2020, Detective Whitcomb took the defendant's DNA without the defendant's counsel being present or even knowing that Detective Whitcomb was taking the defendant's DNA.

(4) Detective Whitcomb was aware that the defendant had counsel, but didn't consult with the defendant's counsel about taking the defendant's DNA (an agreement was made that the defendant's DNA would be taken in the defendant's counsel, Taseff, presence. It wasn't. By the time Whitcomb appeared to take the defendant's DNA, Taseff was no longer the defendant's counsel, Chris Mccall was).

(5) Detective Whitcomb did not consult with the defendant's attorney, Chris Mccall about taking the defendant's DNA.

(6) On its face this might not appear to result in prejudice, but it has: (1) Defendant's Sixth Amendment rights were attached; (2) Allowing the government to just ambush people and act off impulse with no accountability creates distrust in counsel that is supposed to protect defendant's rights (technically, the DNA swab without the presence of counsel infuriated defendant and played a part in asking that defendant's counsel, Chris McCall be removed from the case).

(7) The government extracted the defendant's DNA on September 2, 2020. It had plenty of time to request testing.

(8) The government was banking on the defendant pleading guilty and for tactical reasons didn't request testing.

(9) Since the government was banking on the defendant pleading guilty, it should bear the cost of its tactical decision.

(10) The DNA testing by the government agents (bias party) could possibly entail additional testing delaying the trial.

(11) The defendant has a right to a speedy trial and the government should not be allowed to circumvent that right.

(12) For the foregoing reasons the defendant requests that this court suppress DNA testing and allow this case to proceed to trial.

**ANTHONY GAY**
**1228-14TH STREET**
**ROCK ISLAND, IL 61201**


**CERTIFICATE OF SERVICE**
This certifies that I sent the above instrument to the clerk of court via mail on 8-9-2021

**ANTHONY GAY**
**1228-14TH STREET**
**ROCK ISLAND,IL 61201**

Anthony Gay
1220 - 14th Street
Rock Island, IL 61201

Clerk of Court
US District Court
100 NE Monroe St
Peoria, IL 61602

QUAD CITIES IL 612 2 L
09 AUG 2021 PM