UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA
   Plaintiff
V                  20-cr-40026
ANTHONY GAY
   Defendant

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

Now comes defendant Anthony Gay, pro se, filing defendant's reply to government's response to defendant's motion to suppress evidence and state as follows:

(1) It appears the government's response to the defendant's motion to suppress gets the water without the wet. The government doesn't object to the motion to suppress the illegal seizure of information off the defendant's cell phones but it makes an argument about it. Regardless, the government's argument fails. The search warrant that was allowed was the result of the fruit of a poisonous tree. Unreasonable search and seizure is unconstitutional as it violates the fourth amendment. Further, evidence obtained from the unlawful search may not be introduced in court. This evidence is referred to as the fruit of the poisonous tree. In Mapp v. Ohio, 347 U.S.643 (1961), the Supreme Court held that the exclusionary rule applies to evidence gained from unreasonable search and seizure. On May 23, 2020, the Rock Island Police illegally seized the defendant's money, phones and hotel key. This illegal seizure is not only important, but vital to the suppression of the information extracted from the defendant's cellphones and ammunition charge. The government's agents did not only illegally seize the defendant's cell phones, it also illegally seized the defendant's hotel key. By illegally seizing the defendant's hotel key, Rock Island police restricted the defendant's access to his own hotel room. A "seizure" of property occurs when there is some meaningful interference with an individual's possessory interest in that property. See United States v. Place 462 U.S. 696 (1983)

(2) The Rock Island Police illegally seized the defendant's cell phones and hotel key without probable cause. Fourth Amendment seizures are 'reasonable' only if based on probable cause. "The Central importance of probable-cause requirement to the protection of a citizen's privacy afforded by the Fourth Amendment's guarantees cannot be compromised in this fashion. The requirement of probable cause has roots that are deep in our history. Henry v. United States, 361 U.S. 98, 100 (1959). Hostility to seizures based on mere suspicion was a prime motivation for the adoption of the Fourth Amendment, and decisions immediately after it's adoption affirmed that 'common rumor or report, suspicion, or even "strong reason to suspect" was not adequate to support a warrant for arrest. Id., at 101 (footnotes omitted). The familiar threshold standard of

probable cause for fourth Amendment seizures reflects the benefit of extensive experience accommodating the factors relevant to the 'reasonableness' requirement of the fourth amendment, and provides the relative simplicity and clarity necessary to the implementation of a workable rule. See Brinegar v. United States 338 U.S., at 175- 176." Id., at 213

(3) While the concept of a "seizure"of property is not much discussed in U.S. Supreme Court cases, this definition follows from the court's oft-repeated definition of the "seizure" of a person within the meaning of the fourth amendment- meaningful interference, however brief, with an individual's freedom of movement. See Michigan v. Summers, 452 U.S. 692, 696 (1981); Reid v. Georgia, 448 U.S. 438, 440, n. (1980) (per curiam); United States v. Mendenhall, 446 U.S. 544, 551-554 (1980) (opinion of Stewart, J); Brown v. Texas, 443 U.S. 47, 50 (1979); United States v. Brignoni-Ponce, 422 U.S. 873, 878 (1975); Cupp v. Murphy, 412 U.S. 291, 294-295 (1973); Davis v Mississippi, 394 U.S. 721, 726-727 (1969); Terry v. Ohio 392 U.S., at 16, 19, n. 16.

(4) By the Rock Island police illegally seizing defendant's hotel key, the defendant was unable to have his property removed from the hotel after his hotel time expired (it is noteworthy that defendant still maintained a subjective expectation of privacy after his time expired because the hotel owner gave defendant two weeks to remove his property from the room).

(5) Had the Rock Island police not illegally seized the defendant's hotel key on May 23, 2020, the defendant would have given the key to his girlfriend to remove his property out of the hotel room and defendant wouldn't be faced with this trumped-up ammunition charge.

(6) The government wants the court to believe that the defendant did not have a reasonable expectation of privacy after the rental agreement expired. But the defendant did. When the hotel owner agreed to give the defendant two weeks to remove the defendant's property from the room, it created a subjective expectation of privacy. A hotel's practice and communications with the guest may modify the general rule. "The policies and practices of a hotel may result in the extension past checkout time of a defendant's reasonable expectation of privacy." United States v. Dorais 241 F.3d 1124, 1129-30 (9th Cir 2001). It is noteworthy that on page 10 of the government's response, it states in pertinent part: Though the owner had no obligation to do so, he left the defendant's things in the vacated room for almost two weeks...

Vacated is a mischaracterization of the facts and "almost two weeks" fall short of the facts. By the hotel owner's own account, he gave the defendant two weeks to remove the defendant's property from the room, not almost two weeks. The police were aware that the hotel owner gave the defendant two weeks to remove the defendant's property from the room (see bates 000260). Therefore, the police should not have entered the defendant's room without a warrant. This case is akin to United States v. Young, 573 F.3d 711, 720 (9th Cir 2009). In Young,

Young had accidently been given a key to another hotel guest's hotel room. Hotel staff entered Young's room, during his absence, searched for belongings missing, uncovered a firearm, locked Young out of the room. Young returned to his room to find that his key no longer opened the room. He contacted hotel staff, who called the police, but did not tell Young that he was evicted or would not be allowed back in the room. A police officer arrived and spoke with Young, and then accompanied hotel staff to Young's room, at which point the staff opened Young's room and unzipped the backpack so that the firearm was in plain view of the officer. The officer arrested Young for being a felon-in-possession.

In the proceedings before the district court, Young argued that the fruits of the search should be suppressed because the search violated the Fourth Amendment. The district court agreed. The Ninth Circuit Court of Appeals agreed too.

In the case at bar, the hotel owner gave the defendant two weeks to remove his property from hotel room 133#. Before that two weeks expired, the hotel owner entered the defendant's room, allegedly discovered ammunition, locked the defendant's room, contacted the police and the police went in the room, although the police were aware that the defendant was given two weeks to remove his property from the room. Common sense should have told the police that a search warrant was required to enter the defendant's room. In addition, the governor of Illinois gave an executive order that no one can be evicted, which only strengthens not weakens the defendant's argument that a search warrant was necessary to enter the defendant's hotel room.

(7) Consent to search may be given by a third party who has common authority over the place to be searched. United States v. Matlock, 415 U.S. 164, 170-71 (1974). Such third parties do not include hotel managers, landlords, and similar non-resident persons with a property interest. Stoner v. California, 376 U.S. 483, 488-89 (1964) (hotel clerk); Chapman v. United States, 365 U.S. 610, 616-17 (1961) (landlord).

In the case at bar, the hotel manager did not have authority to give the police consent to violate the defendant's fourth amendment rights.

(8) For the foregoing reasons, in simple terms, this court should allow the defendant's motion to suppress as follows: (a) The police illegally seized defendant's phones without probable cause; (b) The police illegally seized defendant's hotel key restricting defendant's access to the defendant's hotel room; (c) The police entered defendant's hotel room without a warrant.

Respectfully Submitted
Anthony Gay
1228-14th street
Rock Island, Il 61201

**CERTIFICATE OF SERVICE**

This certifies that I filed the above Defendant's reply to the government's response to the defendant's motion to suppress evidence.on August 23,2021

**Respectfully Submitted**
**Anthony Gay**
**1228-14thstreet**
**Rock Island, Il 61201**


**FOOTNOTE:** Defendant is unable to attach bates 000260 because the defendant is waiting on the court to enter an order that defendant be given access to his discovery in former counsel's possession.