UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cr-40026-JES-JEH-1 |
| | ) |
| ANTHONY TONY GAY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

In a number of recent hearings regarding this case, attorneys that represent Anthony Gay in a civil case[1] pending in the Central District of Illinois have accompanied Mr. Gay in the courtroom. During the 8/18/2021 hearing regarding Mr. Gay's motion (Doc. 77) to represent himself and Attorney Charles Schierer's motion (Doc. 88) to withdraw as attorney, the Court allowed Mr. Gay's civil attorney, Sarah Grady, to speak on the issue of representation and whether her firm might be willing to represent Mr. Gay in this criminal case. Attorney Grady declined to represent Mr. Gay here but indicated her belief that Mr. Gay should be appointed another attorney because her relationship with Mr. Gay demonstrates he has an ability to work with attorneys. This statement was made in response to the fact that Mr. Gay had requested the firing of 6 previous lawyers in this criminal case. However, Attorney Grady did not provide the Court with the details of Mr. Gay's mental health conditions, which are directly related to his ability to represent himself.

The Court has, on its own, found information stating that Mr. Gay has serious mental health conditions, based on representations by his attorneys in his civil case, *Gay v. Baldwin et*

---

[1] Based on the Court's review of the attorneys of record. These attorneys represent Mr. Gay in *Gay v. Baldwin et al.*, no. 1:19-cv-01133-HAB-EIL (C.D. Ill.), which is pending in front of Judge Harold A. Baker.

*al.*, no. 1:19-cv-01133-HAB-EIL (C.D. Ill.), and Mr. Gay's handwritten representations in another civil case, *Gay v. Keys et al.*, no. 4:20-cv-04250-SLD (C.D. Ill.), where he is litigating pro se. This new information gives the Court great concern as to whether Mr. Gay can adequately represent himself in this criminal case. At the same time, it also gives the Court great apprehension to have Mr. Gay taken into custody for the purposes of conducting a psychiatric or psychological examination to determine his competency as required by statute. *See* 18 U.S.C. § 4241(a), (b) (granting a court sua sponte authority to order a competency evaluation and a psychiatric or psychological examination of the defendant); 18 U.S.C. § 4247(b), (c) (detailing the preparation of psychiatric and psychological examinations and reports ordered pursuant to § 4241).

The Court has found the following statements discussing Mr. Gay's mental health conditions in the allegations of his complaint in *Gay v. Baldwin et al.*, Doc. 82:

> "Anthony suffers from borderline personality disorder. After he was imprisoned the symptoms of this mental illness manifested, and he began to act out. Instead of providing treatment for his mental illness, the IDOC cited him for a variety of violations. Eventually, in 1996, the IDOC placed Anthony in solitary confinement—and it kept him there for over twenty years. For more than twenty years, Anthony lived alone in a small, bare, stifling cell, where he was deprived of all human contact for close to 24 hours per day. The impact of solitary confinement on Anthony was catastrophic. Deprived of any sustained human interaction, Anthony's mental condition deteriorated, and he began to engage in horrific acts of self-mutilation."

> "His documented acts of self-mutilation number in the dozens . . . All told, Anthony spent nearly two decades in solitary confinement in a state of acute mental decompensation. By the time he was finally released from prison in 2018, he had mutilated himself hundreds of times."

> "Due to his mental illnesses, Anthony had a mental impairment that substantially limited one or more major life activities, including but not limited to thinking, interacting with others, and controlling his behavior. As a result of his mental disabilities, he required intensive inpatient psychiatric therapy."

> "This extreme isolation continued even though in *Rasho v. Baldwin*, No. 07-cv-1298 (C.D. Ill.), an ongoing class action concerning the IDOC's treatment of mentally ill prisoners, the Defendants acknowledged that Anthony was among a handful of IDOC prisoners who were so mentally ill that they needed acute, inpatient psychiatric care."

> "[The defendants'] 'solution' inflicted decades of unthinkable pain on Anthony, and continues to harm him after his release . . . The Defendants knew that Anthony's serious medical needs were not being treated within IDOC's facilities, and that the isolation of solitary confinement would exacerbate his condition and cause him further damage over time."

In *Gay v. Keys et al.*, 4:20-cv-04250-SLD (C.D. Ill.), Mr. Gay also discusses how his mental health conditions have affected his life. He states that he suffers from PTSD and a fear of authority figures because he was "tortured in solitary confinement for 20 years or so." Doc. 1, at 1. He discusses how his interaction with police put him in a state where he was distressed and needed a mental health professional. *Id.* at 3-4. Likewise, in Mr. Gay's recent Motion (Doc. 99) in his criminal case here, he indicates that due to his experience in solitary confinement for 22 years without the benefit of learning new technologies, it is nearly impossible for him to use the "flat drive" the Government has provided to him.

With these admissions in mind discussing Mr. Gay's serious mental health conditions, the lasting effects of his lengthy solitary confinement, and the potential need for in-patient treatment, the Court has concerns regarding Mr. Gay's ability to represent himself and whether these conditions affect him presently. A trial court may require a defendant to proceed to trial with counsel where the defendant is deemed competent to go to trial, but nonetheless lacks the mental capacity to represent himself. *Indiana v. Edwards*, 554 U.S. 164, 178 (2008) (discussing federal pro se felony defendants that have been ordered to undergo competency evaluations). *See also United States v. Hunter*, 714 F. App'x 582, 585 (7th Cir. 2017) (holding a trial court may override a defendant's decision to proceed pro se if the defendant suffers from mental illness

severe enough to render him incompetent to represent himself); *United States v. Berry*, 565 F.3d 385, 390 (7th Cir. 2009) (same). A court can order a competency evaluation on its own "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Therefore, pursuant to 18 U.S.C. § 4241 and 18 U.S.C. § 4247, the Court sets this case for an in-person hearing on Monday, 9/20/2021 at 9:00 AM in Courtroom A in Peoria before Judge James E. Shadid to discuss ordering a psychiatric or psychological examination for Mr. Gay and to discuss Mr. Gay's competency to stand trial and his ability represent himself in this criminal case. Pursuant to 18 U.S.C. § 4247(d), the Court further re-appoints Attorney Charles Schierer at this time for the limited purpose of representing Mr. Gay at the hearing.

The Clerk's Office is directed to send a copy of this Order to Mr. Gay via certified and regular mail.

Signed on this 10th day of September 2021.

s/James E. Shadid
James E. Shadid
United States District Judge