E-FILED
Monday, 24 January, 2022 12:11:37 PM
Clerk, U.S. District Court, ILCD



JAN 2 4 2022

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA**

**V** **20-cr-40026**

**ANTHONY TONY GAY**

**DEFENDANT'S RESPONSE TO DOC 175;176;187**

Now comes defendant, Anthony Tony Gay, pro se, filing this motion and state as follows:

On May 23, 2020, the Rock Island Police assaulted and robbed the defendant. Since the Rock Island Police robbed the defendant for his money,phones and hotel key, the defendant couldn't pay his hotel bill when it expired or give his key to his sister or son's mom who were trying to remove the defendant's property from his hotel room (see declaration of the defendant). On or about May 25,2020, the defendant contacted the Mayor about the police assaulting and robbing the defendant (see declaration of defendant)..The Mayor said that there was nothing that he could do about it. The defendant was so horrified by the Mayor's response that he looked up the state's attorney's (Dora Villarreal) personal phone number and gave it to Amy Bloomer (college professor) to contact Dora Villarreal to get the defendant's property back (see declaration of the defendant). Amy Bloomer gave it to another college professor (Carrie Hough) to call too. They started calling the State's attorney. Subsequently, the police arrested the defendant twice in an 8 hour period (May 30, 2020, 4:00 p.m. and May 31,2020, 12:04 a.m.). The first arrest (May 30,2020), for a traffic violation, was dismissed. The second arrest was for felon in possession of a firearm. Detective Whitcomb secured state charges against the defendant. After the defendant was incarcerated he continued to be upset and emotionally disturbed about it. In turn, Chantelle Leachman contacted the State's Attorney Dora Villarreal about the police robbing the defendant (see email from Chantelle Leachman to Dora Villarreal dated June 9,2020; also see Therapeutic Intervention/ Activity and Summary of Progress with Treatment Plan by Chantelle Leachman dated June 10, 2020). Dora Villarreal contacted the Rock Island police to return the defendant's property (see Dora Villarreal's emails to Chantelle Leachman dated June 9, 2020 and June 10, 2020). Subsequently, detective Whitcomb secured Federal charges against the defendant (July 14, 2020).

(A) Scott Gable illegally seized the defendant's money, phones and hotel key. This prevented the defendant from paying his hotel bill or giving his key to his sister or son's mom to remove his property from the hotel. In turn, allowed the government to put trumped up ammunition charges on the defendant. The defendant had a possessory interest in his money and hotel key. A "seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property." United States v Kars. 468 U.S. 705, 712 (1989) (citing United States V. Jacobsen, 466 U.S. 109

,113 (1984). By Gable illegally seizing the defendant's money, he restricted the defendant's ability to to pay his hotel bill. By Gable illegally seizing the defendant's hotel key, he restricted the defendant's access to his own hotel room for his own purposes, in his own way, in his own time. Gable's actions are one of the grounds to suppress evidence in the defendant's ammunition charge.. In addition, at trial, a jury could infer that the Rock Island Police targeted the defendant for reporting police misconduct.

(B) Dora Villarreal was contacted by the defendant's supporters and a mental health professional about police misconduct. She spoke to the police about returning all my defendant's property (see attached emails between Dora Villarreal and Chantelle Leachman). However, the police did not turn over all the defendant's property. One, this lends credibility to the police illegally seized the defendant's property. Two, it shows the Rock Island police were acting in bad faith. Had the Rock Island police released the defendant's hotel key, the defendant's sister or his son's Mom could have retrieved the defendant's property from the hotel room. At trial, a jury could infer, via Dora Villarreal's testimony, that the defendant was targeted, with trumped up charges, for reporting police misconduct. The defendant should be able to present to the jury a picture of events relied upon. Parr v. United States, 255 F. 2d 86 (Cas5), cert. Denied, 358 U.S. 824. "Relevancy… is not an inherent characteristic of any item of evidence but exists as a relation between an item of evidence and a proposition sought to be proved." James, Relevancy, Probability and the Law, 29 Calif. L. Rev. 689, 690 (1941).

Imagine a victim, who lives in Rock Island, Illinois, confronts a drug dealer, about selling drugs to the victims daughter, in Iowa (Rock Island and Davenport are separated by the Mississippi river). Subsequently, the drug dealer travels to Rock Island, Illinois and kidnaps the victim, takes the victim to Iowa and kills the victim. Subsequently, the defendant is prosecuted in Federal Court. Would the government be allowed to introduce evidence that the victim confronted the drug dealer about selling drugs to the victim's daughter? Of course the government would be allowed to introduce it. Why? It would show the motive for the killing. There's no difference here. The only difference is the shoe is on the other foot. This evidence will not cause unfair prejudice or confusion of the issues. Instead it will enlighten and make sense of the Rock Island police being all over the defendant like a kid all over a box of cupcakes.

In addition, a jury could infer that because of the defendant's complaints against the police that the police ignored evidence, twisted evidence and distorted evidence (bias and fabrication) in an attempt to secure a wrongful conviction.

For the foregoing reasons, the defendant should be allowed to call Scott Gable and Dora Villarreal as witnesses at his motion to suppress hearing, if necessary trial, and be allowed to introduce evidence at trial the Rock Island Police assaulted and robbed the defendant and targeted the defendant for reporting it.

**RESPECTFULLY SUBMITTED**
**ANTHONY TONY GAY**
**1228-14TH STREET**
**ROCK ISLAND, IL 61201**

**CERTIFICATE OF SERVICE**

This certifies that I filed the above instrument on 1-24-2022

**RESPECTFULLY SUBMITTED**
**ANTHONY TONY GAY**
**1228-14TH STREET**
**ROCK ISLAND, IL 61201**

**Robert Young Center/Trinity Medical Center**
**Rock Island County Jail Program**

**Client Name:** Anthony Gay **Client Medical Record Number:** 4812

**Contact Date**: 06/10/2020 **Time:** 09:00 am

**Contact Duration:** 20 **Minutes**

**Staff:** Chantelle Leachman, MHP, CADC

**Service Location:** Rock Island County Jail

**Service Activity**: Jail Case Mgt. - Mental Health

**Therapeutic Intervention/Activity and Summary of Progress with Treatment Plan**

D: Staff checked in with Mr gay to see how he is doing.
I: Inmate was upset because he wanted his money released from rock island pd and his phones released he stated that they were siezed illegally and he was upset about this and this was messing with him emotionally. Staff reached out to the states attorney's office and was able to have them work to try and get them released and picked up for inmate.
R: thank you for your help.
P: Inmate still on watch due to his inpredicablity with cutting etc and his moods fluctuating all the time. He will see doctor next week

**Amendments:**

**Staff Signature:** Chantelle Leachman, MHP, CADC **Signature Date:** 06/11/2020



JAN 24 2022
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA**

**V** **20-cr-40026**

**ANTHONY TONY GAY**

**DECLARATION OF ANTHONY TONY GAY**

I, Anthony Tony Gay, being duly sworn and under oath, state that I have personal knowledge of the facts below and if called as a witness, would state the following:

(1) On May 23, 2020, officer Scott Gable robbed me for 1,537,00, my cellular phones and hotel key. This restricted my ability to pay my hotel bill when it expired. It also prevented me from giving my key to my sister or son's mom to remove my property from my hotel room.

(2) On or about May 25, 2020, I contacted the Mayor about the Rock Island Police robbing and assaulting me. The Mayor said that there was nothing that he could do about it.

(3) I was so horrified by the Mayor's response that I looked up Dora Villarreal's (State's Attorney) personal phone number and gave it to Amy Blommer (college professor) to contact the state's attorney about the police abuse.

I declare under penalty of perjury that the foregoing is true and correct.

______________________
**ANTHONY TONY GAY**

1-24-2022
______________________
**DATE**

-