UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cr-40026-JES-JEH-1 |
| | ) |
| ANTHONY TONY GAY | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Defendant Anthony Gay has filed a Motion to Quash (Doc. 133) Arrest Warrant and the United States has filed a Response (Doc. 144). On January 28, 2022, the Court heard evidence and argument from the Parties in support of their positions. The Court orally denied Defendant's Motion to Quash for the reasons stated on the record and instructed the Parties that a written Order would follow. For the reasons set forth below, Defendant's Motion (Doc. 133) is denied.

As an initial matter, Defendant was not arrested pursuant to an arrest warrant on May 31, 2020, but rather based on probable cause following a traffic stop. Therefore, the Court construes Doc. 133 as a Motion to Quash Arrest.

Defendant claims the traffic stop was on private property – it wasn't – and that the stop and his subsequent seizure was without probable cause – it wasn't. As elicited through testimony at the hearing on January 28, Defendant was a passenger in a black Dodge that did not have an illuminated rear license plate light as required by Illinois law. The Dodge began to speed up after police started following it when it stopped at an intersection that did not have a stop sign while the police were stopped at the intersection that did have a stop sign. Then, the Dodge travelled at a high rate of speed until the officers finally caught up to it in a private driveway. Defendant was

the front-seat passenger of the car and immediately got out, then ran away while at least one officer wearing a police uniform chased him and yelled at him to stop. Defendant eventually stopped and submitted to the police. Thereafter, an officer retraced Defendant's flight path and located a loaded Glock .45. Defendant was then arrested for being a felon in possession of a firearm, possession of stolen property, and resisting a police officer. If Defendant is seeking to suppress for lack of probable cause to stop the car and his subsequent arrest, the facts indicate there was probable cause for both.

A passenger who is seized by a traffic stop has standing to challenge the legality of that traffic stop. *U.S. v. Sanford*, 806 F.3d 954 n. 4 (7th Cir. 2015). However, a passenger is not seized—absent physical force—unless he submits to officers' authority. *Brendlin v. California*, 551 U.S. 249, 254 (2007); *Torres v. Madrid,* 141 S.Ct. 989, 1001 (2021) ("[A] seizure . . . involves either voluntary submission to a show of authority or the termination of freedom of movement"). A fleeing suspect is not seized until law enforcement makes some show of authority which causes the suspect to stop attempting to escape. *U.S. v. Bradley*, 196 F.3d 762, 768 (7th Cir. 1999). Here, it is questionable whether Defendant has standing to challenge the traffic stop given that he fled and did not submit to the officer's authority until after the chase when the officer threatened to tase him.

"An arrest may be supported by probable cause that the arrestee committed any offense, regardless of the crime charged or the crime the officer thought had been committed." *United States v. Shields*, 789 F.3d 733, 745 (7th Cir. 2015) (citing *Devenpeck v. Alford*, 543 U.S. 146, 153–56 (2004); *United States v. Bullock*, 632 F.3d 1004, 1021 n. 3 (7th Cir. 2011)). Probable cause exists "if a reasonable officer would believe 'that the suspect has committed, is committing, or is about to commit an offense,' based on the 'facts and circumstances within the

officer's knowledge.'" *Id.* at 745-46 (citing *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). By the time Defendant did quit fleeing the scene, his flight had provided officers with probable cause to arrest him for a resisting or obstruction violation. *See* 720 ILCS 5/31–1(a) ("A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer, firefighter, or correctional institution employee of any authorized act within his or her official capacity commits a Class A misdemeanor."). Defendant's flight from the traffic stop also provided the officers with reasonable suspicion to detain him. Even if the Defendant's flight was not sufficient to establish probable cause, the gun was not recovered during a search of Defendant. Rather, it was recovered on the ground in plain view of the officers as they retraced Defendant's path. After the gun was recovered, Defendant was subsequently charged.

In sum, probable cause existed for the stop and Defendant's arrest. The officers had probable cause to conduct a traffic stop because they believed the Dodge had an unilluminated rear license plate light or inoperable registration light. *See Shields*, 789 F.3d at 745 (holding an officer's observation that a driver was violating Chicago Municipal Code § 9–64–110(c) by parking within a crosswalk was sufficient for the officer to conduct a traffic stop). Here, the officer's initial observation of the traffic violation occurred on a public roadway and the Dodge driver fled at a high rate of speed before pulling into a driveway where the traffic stop was finally conducted. Later, the gun was found in plain view in the route where Defendant ran after immediately running from the police. Thus, his motion to quash in denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion (Doc. 133) to Quash Arrest is DENIED.

Signed on this 3rd day of February, 2022.

<u>s/James E. Shadid</u>
James E. Shadid
United States District Judge