# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|                         ) | |
|          Plaintiff,          ) | |
|                         ) | |
|             v.                  ) | Case No.  4:20-cr-40026 |
|                         ) | |
| ANTHONY TONY GAY,            ) | |
|                         ) | |
|          Defendant.         ) | |

## **ORDER**

This matter is before the Court on Defendant's Motion for Recusal of Judge Shadid (dkt. 335) under 28 U.S.C. § 144. In response, the Government filed a Motion to Strike Defendant's Motion for Recusal (dkt. 337), which Defendant opposed with another motion (dkt. 339). The Court construes the latter two filings not as motions, but as a response and a reply (respectively) to the instant Motion. The Court has considered both filings in issuing this Order.

Defendant's Motion for Recusal of Judge Shadid (dkt. 335) is denied for two reasons: (1) Section 144 bars the instant motion, as it states a "party may file only one . . . affidavit in any case[,]" and Defendant previously filed an affidavit seeking Judge Shadid's recusal in this case (dkt. 168) under § 144. (2) Even assuming the allegations in Defendant's affidavit are true, Defendant's affidavit (dkt. 168) is insufficient to demonstrate that Judge Shadid holds personal bias or prejudice against him as a matter of law.

## BACKGROUND

The Indictment filed July 14, 2020 (dkt. 1) charges the Defendant with two firearms offenses: Felon in Possession of a Firearm (Count I) and Felon in Possession of Ammunition (Count II). After a long, contentious, and torturous journey, the case went to a jury trial on April 18, 2022, resulting in a mistrial on both counts on April 21, 2022, apparently as the result of Defendant's exemplary litigation skills, which are belied by his *pro se* status. During the preceding nine months, Defendant requested and discharged seven court-appointed lawyers until the patience of Judge Shadid was exhausted, and he grudgingly conceded to Defendant's request to represent himself after ordering a psychological examination of Defendant and the appointment of standby counsel. By the undersigned's count, Defendant filed and argued 130 pretrial motions, all of which were considered and decided by Judge Shadid—and many of which Defendant won. Furthermore, this Court has the impression from a cursory review of the motions docketed that Judge Shadid was generally considerate of Defendant's sensibilities and skepticism that he would be fairly treated.

On May 11, 2022, five days before Defendant is to be retried, Defendant filed the instant motion for Judge Shadid's recusal under 28 U.S.C. § 144. (Dkt. 335). That same day, the undersigned was assigned to decide this Motion.

## DISCUSSION

**I. The Instant Motion Is Successive and Barred by § 144**

28 U.S.C. § 144 states the following:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

The penultimate sentence of § 144 specifies that only one affidavit[1] may be filed per case, and this Circuit strictly construes § 144's requirements, s*ee United States v. Barnes*, 909 F.2d 1059, 1072 (7th Cir. 1990). "A district court can deny a motion for recusal under § 144 if the moving party fails to satisfy the statute's strict procedural demands." *United States v. Barr*, 960 F.3d 906, 919 (7th Cir. 2020).

Here, Defendant previously filed an affidavit (and motion) in this case seeking Judge Shadid's recusal (dkt. 168), which was denied (Text Order Dated 01/14/2022). Therefore, the instant Motion is denied because it violates § 144's explicit bar on successive affidavits.

Defendant makes multiple arguments to excuse his Motion's successiveness in his opposition to the Government's motion to strike (dkt. 339). First, he argues he should not have to follow § 144's requirements because he is *pro se*. He notes § 144 requires a certification from counsel of record that a party's affidavit seeking recusal

---

[1] The undersigned will refer to affidavits and motions under § 144 interchangeably. Under § 144, a motion for a judge's recusal must be accompanied by a party's affidavit demonstrating the judge's bias or prejudice against that party or in favor of the opposing party. *See* 28 U.S.C. 144. Here the motion and affidavit are one document.

3

is made in good faith. Because he lacks counsel, Defendant cannot comply with that requirement. Defendant then makes an egregious leap in logic: He claims his lack of counsel and inability to provide a certificate of good faith mean he can ignore all of § 144's requirements. He is incorrect. Regardless of whether Defendant's lack of counsel can excuse his lack of certificate of good faith,[2] it certainly does not excuse the successiveness of the affidavit at issue here.

Second, Defendant argues that his first motion and affidavit (dkt. 168) seeking Judge Shadid's recusal should not count because Judge Shadid decided it, and a Judge should not be able to rule on a § 144 challenge against himself. Defendant is again incorrect. "It is well settled that the involved judge has the prerogative, if indeed not the duty, of passing on the legal sufficiency of a Section 144 challenge." *United States v. Haldeman*, 559 F.2d 31, 131 (D.C. Cir. 1976) (citing *Berger v. United States*, 255 U.S. 22, 32–35 (1921)).

Third, Defendant argues § 144's bar on successive affidavits does not apply to a retrial like his. Since he made his first § 144 affidavit before his first trial, and the instant Motion is for his retrial, Defendant argues § 144's limit of one "affidavit in any case" does not apply. Defendant is thrice incorrect. The plain language of the statute precludes his interpretation, as "case" plainly means a case as a whole—not a particular trial or retrial within a case.

---

[2] *Compare Williams v. New York City Hous. Auth.*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003) (assessing *pro se* § 144 affidavit on its merits despite no certificate of good faith from counsel) *with Robinson v. Gregory*, 929 F. Supp. 334, 337–38 (S.D. Ind. 1996) (holding 28 U.S.C. § 144's certificate of good faith requirement means *pro se* litigants cannot move under § 144 at all but instead must resort to § 455).

Fourth, Defendant references 28 U.S.C. 455(a). To the extent Defendant seeks to make a motion under that statute, according to the discussion contained in this Order, the Court finds Judge Shadid's impartiality could not reasonably be questioned on the grounds alleged, so Judge Shadid need not have recused himself under § 455(a).

## II. The Instant Motion Would Also Fail as a Matter of Law

Even if the instant Motion were not barred by § 144, it would fail as a matter of law because—even assuming the allegations in Defendant's affidavit are true[3]—Defendant's allegations fail to demonstrate Judge Shadid has personal bias or prejudice against him or in favor of the Prosecution.

Defendant's motion for recusal argues two decisions made by Judge Shadid demonstrate he is biased or prejudiced against Defendant. (*See* dkt. 335).

First, Defendant identifies Judge Shadid's decision to bar Defendant from calling two of Defendant's (presumably hostile) witnesses from the first trial, Rock Island police officers Scott Gable and Dora Villarreal, because their testimony is irrelevant. Defendant argues the two officers' testimony is relevant to provide a non-criminal explanation for why he did not want the police to observe the expulsion of his belongings from his hotel room.

At Defendant's first trial, the Government argued Defendant did not want the police to oversee the handover of his belongings from the hotel because those

---

[3] When a judge assesses an affidavit made under 28 U.S.C. § 144, "the facts contained in the affidavit for disqualification are to be taken as true. . . . [Then] the trial judge then must assess their legal sufficiency[.]" *Peacock Records, Inc. v. Checker Records, Inc.*, 430 F.2d 85, 88 (7th Cir. 1970).

belongings included ammunition, which is illegal for Defendant to possess as a convicted felon.[4] Defendant argues the two officers' testimony is necessary to explain why he did not want the police at his hotel room: he did not trust the police because (allegedly) two Rock Island police officers (Officers Grable and Key) had kneed Defendant in the face and flung his phone away when detaining Defendant two weeks earlier. (*See* dkt. 335 ¶ 6).

Defendant baldly asserts Judge Shadid barred these officers' testimony "[i]n an attempt to put the defendant at a disadvantage, at retrial, and put the government at an advantage," and "to protect the federal prosecutors from embarrassment via loss to [a] pro se defendant." (Dkt. 335 ¶¶ 5, 10). However, there is no indication Judge Shadid's decision was based on any personal bias or prejudice against Defendant or in favor of the Government. Judge Shadid appears to have barred testimony by the two officers as irrelevant because Defendant sought to derail the trial through focusing on, *inter alia*, his alleged assault and robbery at the hands of the police. As the Government noted in a motion in limine (dkt. 323), at the first trial, Defendant repeatedly elicited testimony about or referenced Defendant's family, finances, mental and physical health, personal background, prior incarceration and solitary confinement, and civil lawsuit against Rock Island police officers for alleged mistreatment, all of which deign to arouse the sympathy of the jury and distract from the facts at issue in the trial. Such evidence is either irrelevant under Federal Rule

---

[4] Defendant was indicted for the possession of that ammunition in Count II of the Indictment. (Dkt. 1 at 2).

6

of Evidence 401 or should otherwise be excluded under Rule 403. Accordingly, Judge Shadid's decision to exclude this testimony does not demonstrate bias or prejudice.

Second, Defendant argues Judge Shadid's decision to enforce this District's COVID-19 seat spacing and masking requirements against his twenty-one supporters demonstrates bias or prejudice against Defendant. Defendant had twenty-one supporters appear at his May 9, 2022, hearing. (Dkt. 335 ¶ 12). Purportedly, the U.S. Marshalls instructed Defendant's supporters that they needed to wear masks to enter the courtroom, and some of those supporters were excluded due to seating limitations given the spacing recommended for limiting the spread of COVID-19. There is no showing that the masking and limited seating requirements were unreasonable or inappropriate given the risk of COVID-19 and the need to protect the public as a matter of public safety. Throughout this pandemic, there have been multiple Administrative Orders issued by the Chief Judge of this District directing this Court and other judges to enforce reasonable rules such as masking to protect the public so long as COVID-19 is a threat to public health. Judge Shadid's application of COVID-mitigation measures to protect litigants and spectators, including supporters of Defendant, from the risks of the coronavirus in the interest of safety, does not indicate bias or prejudice against Defendant.

As discussed above, the allegations made in Defendant's affidavit and Motion are legally insufficient to establish bias or prejudice; thus, Judge Shadid need not be recused. Rather, the undersigned anticipates nothing less than the full and fair

7

administration of justice in the impending retrial given Judge Shadid's exemplary management of Defendant's first trial and the litigation in this case as a whole.

## Conclusion

For the foregoing reasons, Defendant's Motion for Recusal of Judge Shadid (dkt. 335) is DENIED. The Government's Motion to Strike Defendant's Motion for Recusal (dkt. 337) and Defendant's motion in opposition to it (dkt. 339) are DENIED AS MOOT given the Court's denial of Defendant's Motion for Recusal. Judge Shadid may proceed with Defendant's retrial, currently set for May 16, 2022.

SO ORDERED.

Entered this 12th day of May 2022.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge