# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-CR-40026-JES-JEH |
| ANTHONY TONY GAY, | ) |
| Defendant. | ) |

## ORDER AND OPINION

This matter is before the Court on a motion by Maurisa Gay, the adult daughter of Defendant Anthony Tony Gay, who is deceased. Ms. Gay seeks leave to appear as a Special Representative for Mr. Gay and, in that capacity, seeks to abate the proceedings in this matter *ab initio*. (Doc. 482.) The Government has filed a Response. (Doc. 483.) For the reasons that follow, the motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

In 2020, Mr. Gay was federally indicted on two counts: one for being a felon in possession of a firearm and the other for possession of ammunition. A jury convicted Mr. Gay on both counts, and this Court sentenced him to 84 months in prison.

Mr. Gay appealed, challenging various pretrial and trial rulings, as well as the sufficiency of the evidence. On April 12, 2024, the United States Court of Appeals for the Seventh Circuit issued a written opinion affirming his convictions. Following this decision, Mr. Gay petitioned for rehearing by the panel and rehearing *en banc* by the whole court on May 16, 2024.

After filing his petition, Mr. Gay's health deteriorated significantly. In June 2024, he was diagnosed with metastatic cancer, causing severe symptoms that required transfer from Springfield Federal Medical Center to a hospital in Saint Louis by late July. On Mr. Gay's petition, the Court

granted him compassionate release on August 14, 2024, allowing him to receive visits from family members in his final days. On the same day, the Seventh Circuit denied his rehearing petition. Mr. Gay passed away in the hospital on August 17, 2024.

Following Mr. Gay's death, on August 19, 2024, his counsel filed a motion with the Seventh Circuit to vacate the conviction on abatement grounds. The Seventh Circuit denied this motion on August 21, 2024, and issued its mandate, affirming the convictions.

On September 16, 2024, Ms. Gay sought permission to act as Mr. Gay's special representative before the Seventh Circuit and filed a renewed motion for abatement, requesting that the Seventh Circuit recall its mandate and abate the convictions. The Seventh Circuit again denied the motion, stating that it lacked jurisdiction over a closed appeal. Subsequently, on September 25, 2024, Ms. Gay filed the instant motion for abatement in this Court, reiterating prior arguments that, as Mr. Gay had not yet exhausted his appeal options, the conviction should be abated. Ms. Gay is also currently pursuing appointment as Administrator of Mr. Gay's estate through probate proceedings in state court.

## LEGAL STANDARD

Under the doctrine of criminal abatement, "death pending direct review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception." *Durham v. United States*, 401 U.S. 481, 483 (1971). "This principle applies only while appeals of right are pending; the [United States Supreme Court] draws the line at petitions for a writ of certiorari, which are simply dismissed upon the death of a petitioner." *United States v. Volpendesto*, 755 F.3d 448, 453 (7th Cir. 2014) (citing *Dove v. United States*, 423 U.S. 325, 325 (1976) (per curiam)). As the Seventh Circuit has explained, the rationale for abatement in criminal matters is that "the interests of justice ordinarily require that a criminal defendant not stand convicted without resolution of the merits of his appeal, which is an integral part of our system for

finally adjudicating his guilt or innocence." *Volpendesto*, 755 F.3d at 453 (quoting *United States v. Moehlenkamp*, 557 F.2d 126, 128 (7th Cir. 1977)) (cleaned up).

As *Volpendesto* also demonstrates, the representative of the deceased defendant's estate is a proper party for the purposes of substitution on an abatement motion. *See id.* at 450–52 755 F.3d at 451 (where certain matters, such as restitution, survive the defendant's death, courts have found that "the defendant's estate has standing to contest them"). And the Government does not dispute the propriety of Ms. Gay's motion to appear as Mr. Gay's representative. Accordingly, the Court GRANTS Ms. Gay's motion as to appearance request and consider the remainder of the motion as to the abatement issue.

## ANALYSIS

Ms. Gay cites to both *Moehlenkamp* and *Volpendesto* to support her motion for abatement, but fails to address the Seventh Circuit's relevant holding in those cases, which is also the Government's position here, that "[abatement] applies only while appeals of right are pending." *Volpendesto*, 755 F.3d at 453; *accord United States v. Parsons*, 367 F.3d 409, 416 (5th Cir. 2004) (en banc) ("The abatement doctrine provides that one should not be permanently labeled as finally 'convicted' while his first appeal is pending."). Here, the doctrine does not apply as Mr. Gay's appeal of right to the Seventh Circuit was resolved prior to his death—with the April 12, 2024 decision by the panel or, at most, the August 14, 2024 denial of his petition for rehearing *en banc*.

To avoid this reality, Ms. Gay argues that "Mr. Gay's direct appeal is not over" because "Mr. Gay has ninety days from the denial of rehearing to petition the United States Supreme Court to grant a writ of *certiorari*, a date that may be extended." (Doc. 482 at 5.) But, again, the law is clear—abatement "applies only while *appeals of right* are pending." *Volpendesto*, 755 F.3d at 453 (emphasis added). Appeals of right do not include petitions to the Supreme Court for a writ of *certiorari*. *See, e.g.*, *United States v. Oberlin*, 718 F.2d 894, 896 (9th Cir. 1983) ("[T]he death of a

3

criminal defendant pending an appeal of right will abate the prosecution *ab initio*, although death pending the Supreme Court's discretionary determination on a petition for a writ of certiorari will not" (citing, inter alia, *Dove*, 423 U.S. at 325)); *see also Moehlenkamp*, 557 F.2d at 128 ("The Supreme Court may dismiss the petition without prejudicing the rights of a deceased petitioner, for he has already had the benefit of the appellate review of his conviction to which he was entitled of right.").

In *Durham*, its seminal decision addressing the application of the doctrine of abatement *ab initio* in federal courts, the Supreme Court disposed of a deceased defendant's pending petition by vacating the court of appeals' judgment and remanding the matter with directions that the indictment be dismissed. *Id.* at 483 (noting lower federal courts' unanimous application of the doctrine in similar cases pending before them). The Court also acknowledged the potential distinction arising from the fact that direct appeals of federal criminal convictions "are a matter of right while decisions on certiorari petitions are wholly discretionary." *Id.* at 483 n.*. The Court concluded, however, that when a petitioner dies before the Court adjudicates a petition filed pursuant to his statutory "right to petition for certiorari . . . the distinction between [an appeal and certiorari review] would not seem to be important" to whether the doctrine applies. *Id.*

Later, in *Dove*, the Supreme Court dismissed another pending appeal by a criminal defendant who had died. 423 U.S. at 325. But, this time, the Court did not remand for dismissal of the indictment. *Id.* Instead, the Court pronounced that, "[t]o the extent that [*Durham*] may be inconsistent with this ruling, *Durham* is overruled." *Id.* "Ever since, the Supreme Court has followed the course charted in *Dove*." *United States v. Reynolds*, 98 F.4th 62, 66 (1st Cir. 2024). And the Seventh Circuit has interpreted *Dove* as "draw[ing] the line [for the application of the

4

abatement doctrine] at petitions for a writ of certiorari, which are simply dismissed upon the death of a petitioner." *Volpendesto*, 755 F.3d at 453.

Accordingly, that Mr. Gay might have petitioned the Supreme Court to grant a writ of *certiorari* after his petition for rehearing *en banc* was denied provides no basis to extend the application of the abatement doctrine here. Such an outcome would not square with controlling case law under *Dove* and *Volpendesto*. And none of the cases Ms. Gay cites suggest, let alone require, a different result as they do not address the same circumstances at issue and in no way contradict *Dove* and *Volpendesto*. *See United States v. Klaustermeier*, No. 22-3002, 2022 WL 17908836, at *1 (7th Cir. Dec. 23, 2022) (vacating district court's judgment of conviction and remanding with instructions to dismiss the indictment where defendant died after filing a notice of appeal to the Seventh Circuit); *Reynolds*, 98 F.4th at 64 ("The appellant in this direct criminal appeal died while it was pending before our court."); *see also id.* at 66 ("Ever since, the Supreme Court has followed the course charted in *Dove*."). The Court thus rejects the request to apply the abatement doctrine here.

## CONCLUSION

Maurisa Gay's Motion (Doc. 482) is GRANTED IN PART as to her request to appear as Special Representative for Defendant Anthony Tony Gay and DENIED IN PART as to her request to abate proceedings *ab initio*.

Signed on this 13th day of November 2024.

*s/ James E. Shadid*
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE